In re GERDES GMBH OF KERPENSINDORF, GERMANY, Gerdes GmbH of Schortens, Germany, Gerdes BVBA, Theodor Gerdes, Ralf Gerdes, and Monika Gerdes, Petitioners.

Misc. No. 800.

United States Court of Appeals, Federal Circuit.

Jan. 19, 2006.

Before MAYER, LOURIE, and LINN, Circuit Judges.

ON PETITION FOR WRIT OF MANDAMUS

LOURIE, Circuit Judge.

*ORDER*

Gerdes GmbH of Kerpensindorf, Germany et al. (Gerdes) petitions for rehearing of this court's December 1, 2005 order denying its petition for a writ of mandamus to direct the International Trade Commission to resume and complete an investigation. Stant Manufacturing, Inc. and the International Trade Commission oppose.

In our previous order, we denied mandamus on the ground that Gerdes had not raised the arguments below that it raised on mandamus. In its petition for rehearing, Gerdes asserts that it did raise the issues, albeit tersely, at the ITC. Thus, we vacate our previous order and address the mandamus petition on the merits.

Concerning the petition for a writ of mandamus, Stant moved at the ITC to withdraw its complaint and terminate the investigation. The ITC granted the motions. Gerdes asserts that the ITC could

**906**

not terminate the investigation based on Stant's withdrawal of its complaint. We note that the case cited for this proposition, *Farrel Corp. v. United States Int'l Trade Comm.,* 949 F.2d 1147, 1152 n. 5 (Fed.Cir.1992), expressly declined to reach this issue. Stant asserts that the ITC's regulation, 19 C.F.R. § 210.21(a), expressly permits dismissal due to withdrawal of a complaint in these circumstances. Stant also argues that 19 U.S.C. § 1337(b), regarding determinations by the ITC, does not apply when the complaint is withdrawn by the complainant. Gerdes has not met its burden on these issues. Upon review of the papers submitted, we determine that Gerdes has not met its burden of showing that its right to a writ of mandamus is clear and indisputable.

Thus, we grant the petition for rehearing to the limited extent that we vacate the previous order. We deny the petition for a writ of mandamus on the ground that Gerdes has not shown that its right to issuance of the writ is "clear and indisputable," *Allied Chemical Corp. v. Daiflon, Inc.,* 449 U.S. 33, 35, 101 S.Ct. 188, 66 L.Ed.2d 193 (1980).

Accordingly,

IT IS ORDERED THAT:

(1) Gerdes's petition for rehearing is granted to the limited extent that the December 1, 2005 order is vacated.

(2) The petition for a writ of mandamus is denied.